## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                                      )
            v.                    )         2:25 cr 44 (NR)
                                        )
                                        )
AIDAN HARDING                  )

## MOTION TO SEAL CERTAIN EXHIBITS ADMITTED AT THE PRELIMINARY
## EXAMINATION AND DETENTION HEARING

COMES NOW the Defendant, Aidan Harding, by and through his counsel of record, Casey P. Mullen, Esquire and Christopher Capozzi, Esquire, pursuant to Fed. R. Crim. P. 47, LCvR 83.1, and the 5th and 6th Amendments of the United States Constitution and submits this Motion to Seal Certain Exhibits Admitted at the Preliminary Examination and Detention Hearing in this case and states as follows in support thereof:

Mr. Harding's 5th and 6th Amendment due process right, including his right to a fair trial, must prevail over the public's interest reviewing exhibits presented on a collateral issue (detention) at preliminary proceedings. In fact, it should prevail even as it relates to reviewing exhibits at the core of the offense conduct when guilt is not at issue. This is because the scope of the inquiry into the offense is limited to probable cause and the rules of evidence are substantially relaxed. This is not to say that the preliminary process should not be transparent, it should be and it is. Specifically, preliminary proceedings are noticed on the court's docket, the hearings are open to the public, the exhibits are generally displayed during the hearing, and a court reporter is present and making a verbatim transcript. It is to say, however, that access to sensational, sexy, and headline grabbing exhibits – whether they are photographs, videos, or electronic communications – should be restricted until the rules of evidence are applied in their full rigor and the guilt phase of the process is concluded.

### A.    *Procedural History and Background Facts Circumstances*

On October 15, 2025, the Federal Bureau of Investigation – Pittsburgh received information from a social media application provider pursuant to 18 Pa.C.S. § 2702 that related to Mr. Harding. On December 11, 2024, more than six week later, law enforcement officers from various agencies executed a search warrant at Mr. Harding's home in Crescent Township (Allegheny County), Pennsylvania.

On January 27, 2025, seven weeks later, Mr. Harding – while incarcerated at the Allegheny County Jail – was arrested on a single count of Possession or Attempted Possession of Material Involving the Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). *Exhibit "A"* ("Docket Report"). On January 29, 2025, the United States filed a *Request for Detention*, on February 12, 2025, Mr. Harding filed an *Opposition to the Request for Detention*. *ECFs 10* and *19*.

On February 12, 2025, United States Magistrate Judge Christopher B. Brown conducted, pursuant to Fed. R. Crim. P. 5.1 and 18 U.S.C. § 3142, a Preliminary Examination and Detention Hearing. This combined hearing was on the publicly accessible docket, it was on the case list posted in the Courthouse, it was open to the public, and members of the public attended.

The issues at this hearing were whether (a) probable there was cause to charge Mr. Harding with offense alleged and (b) there was a condition or combination of conditions that could reasonably assure the safety of any person and the public and Mr. Harding's appearance at future proceedings. At the conclusion of this hearing found "that probable cause exists which supports a finding that the charged violations have been committed by the defendant" and "no condition or combination of conditions will reasonably assure the safe of any other person or the community." *ECFs 21* and *22*.

A certified court reporter working for the United States District Court of the Western District of Pennsylvania was present during the hearing and she created a verbatim transcript (161 pages) of the proceeding. It is available for purchase. During this hearing, the United States Attorney offered Government Exhibits A-X, AA and BB; Mr. Harding offered Defendant Exhibits A-C. *See Appendix "A."[1]*

On February 25, 2025, the United States filed an Indictment and an Indictment Memorandum alleging violations of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Exhibit "A" (*Docket Report*). It did not allege an attempt or conspiracy to commit a crime, unlawful possession of a firearm, or communicating at threat interstate on the part of Mr. Harding.

On February 26, 2025, the United States Attorney issued a Press Release – *Crescent Township Resident Charged with Possession of Child Sexual Abuse Materials*. *Exhibit B*. The United States Attorney in its Press Release offered information well beyond that necessary to inform the public of the Mr. Harding's background information, the offense alleged, the law enforcement agencies involved, and the circumstances of his arrest. *See* United States Attorney Manual, 1-7.500 (Release of Information in Criminal, Civil, and Administrative Matters— Disclosable Information.) *Exhibit B*. In fact, the United States Attorney included in its Press Release two lengthy sentences describing, in detail, the evidence offered in support of Mr. Harding's detention. *Exhibit B*.[2] While this evidence may be in some sense be sensational, sexy, and headline grabbing, it is completely unrelated to the charges pending against Mr. Harding.

---

[1] Appendix "A" generally describes the exhibits offered, whether they were admitted, the underlying reason for their admission, and whether they include data relating to Mr. Harding's minority or are already in the public domain.

[2] The first sentence was 79 words and the second 58 words, thus, totaling 137 words. The balance of the Press Release is 308 words. Accordingly, the section of the Press Release relating to matters unrelated to the pending case made by about one-third the United States Attorney's public comment.

Following the United States Attorney's Press Release multiple media outlets (e.g., The Pittsburgh Post Gazette, the Beaver County Times, WPXI, KDKA) published stories and blogger posted about it. *Exhibits D-G*. The mainstream media stories were picked-up by other mainstream media (e.g. The Ellwood City Ledger) and Internet news sources (e.g., Yahoo! and Audacy) reprinted or reposted it. *Exhibits E and F.*

On April 2, 2025, counsel for the Defendant learned a member of the public requested access to the exhibits offered into evidence in the course of the Preliminary Examination and the Detention Hearing. Also on April 2, 2025, the United States Attorney filed a motion to maintain the seal on Government Exhibits A and L and seal Government Exhibits N and O. Mr. Harding joins in the Government's motion and additionally moves to seal Government Exhibits B-K, M, and P-Y, and Defendant Exhibits A and B.

### B. Argument

The information currently in the public domain is more than sufficient to vindicate the public interest in this case.[3] Indeed, the information currently available represents a detail history of this case and includes rich factual description of the evidence underlying the allegations of crime and supporting this detention. The release of additional information will do nothing more than place his right to a fair trial – including, his right to a fair, impartial, and unbiased jury – at extraordinary risk.

As a result of the allegations that Defendant is involved in antisemitic and extremist ideologies, there is a heightened interest in this case by members of the press. This interest occurred

---

[3] To be clear, the records in public domain relating to this case include the Federal Docket Report, Request for Detention, Opposition to the Request for Detention, the Court's Orders relating to Probable Cause and Detention, and the United States Attorney's Press Release. And, Preliminary Examination and Detention Hearing were open to the public, members of the public attended, and a transcript of it is available for purchase.

immediately after the United States Attorney's Office release.  See Exhibits "C", "D", "E", "F", and "G".

A reading of these exhibits illustrate that the primary interest in this matter stems not from the underlying charge but the collateral, and likely inadmissible, allegations of the government concerning Defendant's involvement in antisemitic and extremist ideologies. It is believed and therefore averred that the current interest in obtaining copies of the exhibits entered at the February 12, 2025, detention hearing is to continue the narrative that Defendant is an antisemite and a violent extremist.

It is acknowledged that the right to records of judicial proceedings exists, but that right is not absolute and "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). The right of access to a criminal trial, in this particular matter a detention hearing exhibits, is limited by the constitutional right of defendants to a fair trial and by the needs of the government to obtain just convictions and to preserve the confidentiality of sensitive information and the identity of informants. *United States v. Raffoul*, 826 F.2d 218, 223 (3rd Cir. 1987), citing *Gannett Co. v. DePasquale*, 443 U.S. 368, 398, 61 L. Ed. 2d 608, 99 S. Ct. 2898 (1979) (Powell, J., concurring).

A balancing of the rights of the public and press against the Defendant's right to a fair trial must be conducted.  For the following reasons, certain exhibits entered into evidence at the February 12, 2025, Preliminary Examination and Detention Hearing shall be sealed.  The press and public had a right to attend the open Preliminary Examination and Detention Hearing.  Several members of the public did in fact attend the hearing.  The press and the public also have the ability to obtain a true and correct transcript of the hearing.

This matter is still pending, and should it be tried to a jury, the jury will be selected from the individuals who are likely to become aware of the information contained within the exhibits that were entered into evidence at the detention and preliminary hearings. There exists a substantial likelihood that the release of these exhibits will taint potential jurors and infringe upon Defendant's Six Amendment right to a fair trial. And, the majority of the exhibits entered into evidence by the government at the detention hearing, if not all, albeit relevant for the matters to be addressed at a detention hearing, will likely be deemed inadmissible at trial as irrelevant to the charged crime.

C.    ***Conclusion***

The Court in order to protect Mr. Harding's 5th and 6th Amendment rights should enter an Order sealing the Exhibits A-Y offered by the Government and Exhibits A and B offered by the Defendant during the Preliminary Examination and Detention Hearing.

WHEREFORE, Defendant, Aidan Harding, requests an Order sealing the Exhibits A-Y offered by the Government and Exhibits A and B offered by the Defendant during the Preliminary Examination and Detention Hearing.

Respectfully submitted,

LAW OFFICE OF CASEY P. MULLEN

/s/ Casey P. Mullen, Esquire
Casey P. Mullen, Esquire
PA I.D. 312541
100 Ross Street, Suite 340
Pittsburgh, PA 15219
(412) 471-1648
casey@caseymullenlaw.com

# Exhibit "A"

CUSTODY,HMS,PRIOR

## U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CRIMINAL DOCKET FOR CASE #: 2:25-cr-00044-NR-1

Case title: USA v. HARDING                     Date Filed: 02/25/2025

Magistrate judge case number: 2:25-mj-00136-CBB

Assigned to: Judge J. Nicholas Ranjan

**Defendant (1)**
**AIDAN HARDING**                    represented by    **Casey P. Mullen**
Law Office of Casey P. Mullen
100 Ross Street
Suite 340
Pittsburgh, PA 15219
412-403-5691
Fax: 412-253-9255
Email: casey@caseymullenlaw.com
*ATTORNEY TO BE NOTICED*

**Christopher M. Capozzi**
Christopher M. Capozzi, Attorney At Law,
LLC
100 Ross Street
Suite 340
Pittsburgh, PA 15219
412-471-1648
Fax: 412-592-0340
Email: chris@cmcapozzilaw.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18 U.S.C. 2252(a)(4)(B), 2252(b)(2) POSSESSION OF MATERIAL DEPICTING THE SEXUAL EXPLOITATION OF A MINOR (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

# Exhibit "A"

**Highest Offense Level (Terminated)**

None

**Complaints**                                                    **Disposition**

18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)
Possession and Attempted Possession of
Material Involving the Sexual Exploitation
of a Minor

**Plaintiff**

**USA**                                        represented by **Jeffrey R. Bengel**
                                               United States Attorney's Office
                                               700 Grant Street
                                               Suite 4000
                                               Pittsburgh, PA 15219
                                               412-894-7424
                                               Email: jeffrey.bengel@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Designation: US Govt Atty*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2025 | | Duty Magistrate Judge assigned to case. If a sealed mj case was opened, sealed access rights have been granted. (rjr) [2:25-mj-00136-CBB] (Entered: 01/27/2025) |
| 01/27/2025 | 1 | MOTION to Seal Case by USA as to AIDAN HARDING. (Attachments: # 1 Proposed Order) (Bengel, Jeffrey) [2:25-mj-00136-CBB] (Entered: 01/27/2025) |
| 01/27/2025 | 2 | COMPLAINT (Attachments: # 1 Affidavit, # 2 Proposed Warrant) (Bengel, Jeffrey) [2:25-mj-00136-CBB] (Entered: 01/27/2025) |
| 01/27/2025 | 3 | MOTION for Arrest Warrant by USA as to AIDAN HARDING. (Attachments: # 1 Proposed Warrant) (Bengel, Jeffrey) [2:25-mj-00136-CBB] (Entered: 01/27/2025) |
| 01/27/2025 | 4 | ORDER granting 1 Motion to Seal Case as to AIDAN HARDING (1). Signed by Magistrate Judge Christopher B. Brown on 1/27/2025. (cmc) [2:25-mj-00136-CBB] (Entered: 01/27/2025) |
| 01/27/2025 | 5 | SIGNED COMPLAINT as to AIDAN HARDING. Signed by Magistrate Judge Christopher B. Brown on 1/27/2025. (Attachments: # 1 SIGNED Affidavit) (cmc) [2:25-mj-00136-CBB] (Entered: 01/27/2025) |
| 01/27/2025 | 6 | ORDER granting 3 Motion for Warrant as to AIDAN HARDING (1). Signed by Magistrate Judge Christopher B. Brown on 1/27/2025. (cmc) [2:25-mj-00136-CBB] (Entered: 01/27/2025) |
| 01/28/2025 | 8 | ORDER as to AIDAN HARDING: Initial Appearance set for **1/29/2025 at 11:15 AM** in Courtroom 10A before Magistrate Judge Christopher B. Brown. Signed by Magistrate Judge Christopher B. Brown on 1/28/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (cmc) [2:25-mj-00136-CBB] (Entered: 01/28/2025) |

# Exhibit "A"

| 01/29/2025 | 9 | MOTION to Unseal Docket and for Limited Unsealing of the Affidavit in Support of the Criminal Complaint by USA as to AIDAN HARDING. (Attachments: # 1 Proposed Order) (Bengel, Jeffrey) [2:25-mj-00136-CBB] (Entered: 01/29/2025) |
|---|---|---|
| 01/29/2025 | 10 | Government's Request for Detention as to AIDAN HARDING (Bengel, Jeffrey) [2:25-mj-00136-CBB] (Entered: 01/29/2025) |
| 01/29/2025 | 11 | ORDER provisionally granting 9 MOTION to Unseal Docket and for Limited Unsealing of the Affidavit in Support of the Criminal Complaint by USA as to AIDAN HARDING. IT IS HEREBY ORDERED that said motion is provisionally GRANTED, subject to defense counsel's ability to take an informed position on the matter. Should defense counsel file a response in opposition to this motion, the Court will revisit the issue. If defense counsel takes no position, this Order will stand, as more fully set forth in the attached Order.. Signed by Magistrate Judge Christopher B. Brown on 1/29/2025. (cmc) [2:25-mj-00136-CBB] (Entered: 01/29/2025) |
| 01/29/2025 | | Case partially unsealed as to AIDAN HARDING (cmc) [2:25-mj-00136-CBB] (Entered: 01/29/2025) |
| 01/29/2025 | 12 | ORDER as to AIDAN HARDING that in accordance with the Due Process Protections Act, the United States is obligated, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and subsequent cases, to timely disclose information favorable to the defense as to criminal liability on the charged offense(s) or mitigation of any punishment that may be imposed. Such favorable information includes information that may cast doubt on the credibility of government witnesses. Possible consequences for violating this order include exclusion of evidence, dismissal of charges, contempt proceedings, disciplinary referral and any other relief authorized by law. Signed by Magistrate Judge Christopher B. Brown on 1/29/2025. (cmc) [2:25-mj-00136-CBB] (Entered: 01/29/2025) |
| 01/29/2025 | 13 | Minute Entry for proceedings held before Magistrate Judge Christopher B. Brown: Initial Appearance as to AIDAN HARDING held on 1/29/2025. Interpreter: N/A (Court Reporter: none) (cmc) [2:25-mj-00136-CBB] (Entered: 01/29/2025) |
| 01/29/2025 | 14 | ORDER Scheduling a Detention Hearing as to AIDAN HARDING. Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer. The custodian must bring the defendant to the hearing(s) at the time, date, and place set forth below. Preliminary Examination and Detention Hearing set for **2/3/2025 at 9:00 AM** in Courtroom 9A before Magistrate Judge Patricia L. Dodge. Signed by Magistrate Judge Christopher B. Brown on 1/29/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (cmc) [2:25-mj-00136-CBB] (Entered: 01/29/2025) |
| 01/30/2025 | 15 | NOTICE OF ATTORNEY APPEARANCE: Casey P. Mullen appearing for AIDAN HARDING (Mullen, Casey) [2:25-mj-00136-CBB] (Entered: 01/30/2025) |
| 01/31/2025 | 16 | First MOTION to Continue *Arraignment, Preliminary Hearing, and Detention Hearing* by AIDAN HARDING. (Attachments: # 1 Proposed Order) (Mullen, Casey) [2:25-mj-00136-CBB] (Entered: 01/31/2025) |
| 01/31/2025 | 17 | ORDER granting 16 Motion to Continue the Preliminary and Detention Hearings as to AIDAN HARDING (1). The Preliminary and Detention Hearing previously set for Monday, 2/3/2025 at 9:00 AM is hereby continued and reset to 2/12/2025 at 10:30 AM in Courtroom 10A before Magistrate Judge Christopher B. Brown. IT IS FURTHER ORDERED that the time from January 31, 2025, through February 12, 2025, be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Specifically, the Court finds that the ends of justice served by granting this continuance outweigh the best |

# Exhibit "A"

ECF NextGen 1.8.3

| | | interests of the public and the defendant to a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Signed by Magistrate Judge Maureen P. Kelly on 1/31/2025. Text-only entry; no PDF will issue. This Text-only entry constitutes the Order of the Court or Notice on the matter. (mpg) [2:25-mj-00136-CBB] (Entered: 01/31/2025) |
|---|---|---|
| 02/11/2025 | 18 | NOTICE OF ATTORNEY APPEARANCE: Christopher M. Capozzi appearing for AIDAN HARDING (Capozzi, Christopher) [2:25-mj-00136-CBB] (Entered: 02/11/2025) |
| 02/12/2025 | 19 | Brief in Opposition by AIDAN HARDING re 10 Request for Detention (Mullen, Casey) [2:25-mj-00136-CBB] (Entered: 02/12/2025) |
| 02/12/2025 | 20 | Minute Entry for proceedings held before Magistrate Judge Christopher B. Brown: Preliminary Examination and Detention Hearing as to AIDAN HARDING held on 2/12/2025. Interpreter: N/A (Court Reporter: Aimee Martin) (cmc) [2:25-mj-00136-CBB] (Entered: 02/12/2025) |
| 02/12/2025 | 21 | PROBABLE CAUSE ORDER following the Preliminary Examination, the Court finds that probable cause exists as to AIDAN HARDING. Signed by Magistrate Judge Christopher B. Brown on 2/12/2025. (cmc) [2:25-mj-00136-CBB] (Entered: 02/12/2025) |
| 02/12/2025 | 22 | ORDER of Detention as to AIDAN HARDING. Signed by Magistrate Judge Christopher B. Brown on 2/12/2025. (cmc) [2:25-mj-00136-CBB] (Entered: 02/12/2025) |
| 02/25/2025 | | Judge update in case as to AIDAN HARDING. Judge J. Nicholas Ranjan added. (kss) (Entered: 02/26/2025) |
| 02/25/2025 | 23 | INDICTMENT as to AIDAN HARDING (1) count 1. (Attachments: # 1 Certification and Notice for Filing Pretrial Motions, # 2 Arraignment Plea, # 3 Criminal Case Info Sheet) (kss) (Entered: 02/26/2025) |
| 02/25/2025 | 24 | Indictment MEMORANDUM as to AIDAN HARDING (kss) (Entered: 02/26/2025) |
| 02/26/2025 | 25 | NOTICE OF ARRAIGNMENT as to *AIDAN HARDING*. Arraignment set for 3/4/2025 at 11:00 AM in Courtroom 9A before Magistrate Judge Patricia L. Dodge. (kss) (Entered: 02/26/2025) |
| 03/04/2025 | 26 | Magistrate Judge's Report on Arraignment as to AIDAN HARDING (1) Count(s) 1 held on 3/4/2025. Defendant pleads NOT GUILTY. (Court Reporter: none) (mqe) (Entered: 03/04/2025) |
| 03/04/2025 | 27 | NOT GUILTY PLEA ENTERED as to AIDAN HARDING (mqe) (Entered: 03/04/2025) |
| 03/04/2025 | 28 | ORAL MOTION for Extension of Time to File Pretrial Motions by AIDAN HARDING. (mqe) (Entered: 03/04/2025) |
| 03/04/2025 | 29 | ORDER granting 28 Oral Motion for Extension of Time to File Pretrial Motions as to AIDAN HARDING (1). Pretrial Motions due by 4/18/2025. It is further Ordered that the time from March 4, 2025 through April 18, 2025 shall be deemed excludable delay under the Speedy Trial Act 18 U.S.C. Section 3161 et seq. Signed by Magistrate Judge Patricia L. Dodge on 3/4/2025. (mqe) (Entered: 03/04/2025) |
| 03/05/2025 | 30 | ORDER SCHEDULING INITIAL CRIMINAL CASE STATUS CONFERENCE as to AIDAN HARDING. An Initial Criminal Case Status Conference is set for 4/14/2025 at 10:00 a.m. in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 3/5/2025. (pak) (Entered: 03/05/2025) |
| 04/02/2025 | 31 | MOTION for Limited Sealing of Detention Hearing Exhibits by USA as to AIDAN HARDING. (Attachments: # 1 Proposed Order) (Bengel, Jeffrey) (Entered: 04/02/2025) |

# Exhibit "A"

ECF NextGen 1.8.3

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/02/2025 16:17:13 | | | |
| **PACER Login:** | chriscapozzilaw | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cr-00044-NR |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# Exhibit "B"

USAO - Pennsylvania, Western

# Related Content

PRESS RELEASE

## McKees Rocks Resident Pleads Guilty to Possession of Child Sexual Abuse Materials

February 19, 2025

PRESS RELEASE

## Beechview Resident Pleads Guilty to Receiving Child Sexual Abuse Material

February 7, 2025

PRESS RELEASE

## Monaca Resident Pleads Guilty to Charges of Sexual Exploitation of Minors and Obstructing Justice

February 3, 2025

700 Grant Street, Suite 4000
Pittsburgh, PA 15219

# Exhibit "B"

17 South Park Row, Room A330

Erie, PA 16501

319 Washington Street, Suite 200

Johnstown, PA 15901

Email USAO-WDPA

Pittsburgh: 412-644-3500

Fax: 412-644-4549

Erie: 814-452-2906

Fax: 814-455-6951

Johnstown: 814-533-4547

Fax: 814-533-4545

**Exhibit "B"**



PRESS RELEASE

# Crescent Township Resident Charged with Possession of Child Sexual Abuse Materials

Wednesday, February 26, 2025

**For Immediate Release**

U.S. Attorney's Office, Western District of Pennsylvania

## Defendant remains detained after searches also revealed more than 20 firearms and evidence of antisemitic and violent extremist ideologies

PITTSBURGH, Pa. – A resident of Glenwillard, Pennsylvania, has been indicted by a federal grand jury in Pittsburgh on a charge of possession of material depicting the sexual exploitation of a minor, Acting United States Attorney Troy Rivetti announced today.

The one-count Indictment named Aidan Harding, 20, as the sole defendant.

According to the Indictment and other information presented to the Court, on or about December 11, 2024, Harding possessed material depicting the sexual exploitation of a minor, including videos containing the sexual abuse of prepubescent minors.

On January 27, 2025, Harding was charged by criminal complaint and, at a February 12, 2025, detention hearing, ordered to be held without bond pending trial after the United States introduced evidence that Harding committed the charged offense and possessed additional materials depicting violent sexual assaults. In addition, in support of its contention that Harding

# Exhibit "B"

presented an unacceptable danger to the community, the United States presented testimony and documentary evidence that Harding adhered to a racially-motivated violent extremist ideology, possessed more than 20 firearms, had targeted Pittsburgh's Jewish community with antisemitic fliers, and made statements online about his interest in "political and revenge driven" mass casualty events, including references to the shooter who murdered 11 congregants at the Tree of Life Synagogue in Pittsburgh. The evidence also established that Harding, who had been previously adjudicated delinquent for terroristic threats after discussing online his desire to commit a "high kill count" attack, possessed videos of mass shootings from the United States and other countries, and had filmed himself re-enacting the Columbine mass shooting at a memorial honoring the victims of that attack.

The law provides for a maximum sentence of up to 20 years of imprisonment, a fine of up to $250,000, or both. Under the federal Sentencing Guidelines, the actual sentence imposed would be based upon the seriousness of the offense and the prior criminal history, if any, of the defendant.

Assistant United States Attorney Jeffrey R. Bengel is prosecuting this case on behalf of the government.

The Federal Bureau of Investigation conducted the investigation leading to the Indictment.

This case was brought as part of Project Safe Childhood, a nationwide initiative launched in May 2006 by the Department of Justice to combat the growing epidemic of child sexual exploitation and abuse. Led by the United States Attorneys' Offices and the Criminal Division's Child Exploitation and Obscenity Section (CEOS), Project Safe Childhood marshals federal, state, and local resources to locate, apprehend, and prosecute individuals who sexually exploit children, and to identify and rescue victims. For more information about Project Safe Childhood, please visit www.justice.gov/psc.

An indictment is an accusation. A defendant is presumed innocent unless and until proven guilty.

*Updated February 26, 2025*

**Topic**

> **PROJECT SAFE CHILDHOOD**

**Component**

# Exhibit "C"



# Crescent man indicted on child porn charge



**MEGAN GUZA** ☑
Pittsburgh Post-Gazette
mguza@post-gazette.com

| FEB 26, 2025 | 1:13 PM |

A Crescent man with an alleged desire to replicate "high kill count" mass shootings — to the degree that authorities say he once filmed himself reenacting the 1999 Columbine High School shooting — is accused of possessing child pornography, federal authorities said Wednesday.

Aidan Harding, 20, will be arraigned next week on one count of possession of material involving the sexual exploitation of a minor. He was indicted by a federal grand jury on that charge Tuesday.

Part of the initial Jan. 27 criminal complaint against Mr. Harding remains sealed, but a release from the U.S. Attorney's office indicated the child sexual abuse material included videos of "violent sexual assaults."

The information regarding Mr. Harding's alleged "racially motivated violent extremist ideology" came to light during a detention hearing earlier this month, according to the court.

# Exhibit "C"

Assistant U.S. Attorney Jeffrey R. Bengel had petitioned the court to keep Mr. Harding in custody pending future court proceedings, calling him a danger to the community and a flight risk.

In a filing opposing the detention, defense attorneys Chris Capozzi and Casey P. Mullen argued that the alleged child abuse materials included "two videos, one of which is two seconds and another which is three seconds," as well as "several additional images … at least one of which was animation."

The filing asserts Mr. Harding's alleged adherence to "a violent racist ideology" has nothing to do with the charge against him and thus shouldn't be considered in regard to his detention.

"[It] may be deplorable but it is not criminal," the defense attorneys wrote. "Indeed, what the [prosecutor] complains about and the majority of its evidence relate to his associations, his speech, and his lawful possession of lawful firearms, all of which is protected by the First and Second Amendments of the Constitution."

Following a 3½-hour hearing earlier this month, U.S. Magistrate Christopher B. Brown disagreed, ordering Mr. Harding to be held pending trial.

According to the U.S. Attorney's office, Mr. Harding owned more than 20 guns, subscribed to a "racially motivated violent extremist ideology," and wrote online about his interest in "political and revenge-driven" mass shootings — including references to the 2018 attack on a Pittsburgh synagogue that killed 11 people. Authorities said he possessed videos of multiple mass shootings in the U.S. and abroad, "had filmed himself reenacting the Columbine mass shooting at a memorial honoring the victims of the attack," and "had targeted Pittsburgh's Jewish community with antisemitic fliers."

Mr. Harding does not face any charges in relation to those allegations. Arraignment is scheduled for March 4.

*First Published: February 26, 2025, 1:13 p.m.*
*Updated: February 26, 2025, 1:20 p.m.*

# Exhibit "C"



**Megan Guza** is an award-winning reporter who has covered criminal justice in the Pittsburgh region since 2015, including for the Post-Gazette since 2022.

✉ mguza@post-gazette.com

𝕏 @meganguzaPG

## Limited Time Offer

8 weeks of unlimited access for only 99¢!

**GET OFFER**

# Exhibit "D"

*https://www.ellwoodcityledger.com/story/news/local/2025/02/26/crescent-township-man-to-remain-in-custody-possessing-child-abuse-materials/80485110007/*

**LOCAL :: Beaver County Times :: 2.26.25**

**Man charged with possessing child sex abuse images also made violent threats, police say**

RESCENT TWP. — A local man charged with the sexual exploitation of a minor will remain in custody after prosecutors offered evidence accusing him of being a potential danger to the community.

According to the federal Department of Justice, a single count of possession of child sex abuse materials was filed against 20-year-old Aidan Harding on Jan. 27. During an investigation in December, officers said they found Harding had possession of materials depicting the sexual abuse of prepubescent minors.

Following charges being filed in January, prosecutors began to push for Harding to be held without bond after they said that officers found more material of violent sexual assault possessed by Harding. During searches of his belongings, police also found that Harding had "adhered to a racially-motivated violent extremist ideology" and had over 20 firearms.

Prosecutors also presented evidence that Harding had targeted Pittsburgh's Jewish community with antisemitic fliers and made statements online about his interest in "political and revenge-driven" mass casualty events. Evidence also showed that Harding, who had previously been adjudicated for making terroristic threats, possessed videos of mass shootings and had a video of himself re-enacting the Columbine mass shooting "as a memorial honoring the victims."

Harding can face up to 20 years of imprisonment and a fine of up to $250,000 for the possession of child abuse materials.

# Exhibit "E"

*https://www.yahoo.com/news/evidence-antisemitic-ideologies-found-local-164021279.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS88&guce_referrer_sig=AQA AAGu0yqglEVcioChPCnB8hVSTaCl6GsMUfwji4aXHT3jRMzIlqYqMHM7X9VuVKjvpa-RXCta8veppbh6DGVg9iSfj0Hm06SjymSt__oTo_BZE6IAgWezhDeaeFjmqPPEkSzKaLGZ56CFej0XAeghrxV_m3UYr d06RjIbWbXv3-aKb*

**Evidence of antisemitic ideologies found after local man charged with child porn, DOJ says**

**WPXI.com News Staff**
Wed, February 26, 2025 at 11:40 AM EST

A Pittsburgh-area man will remain jailed after searches revealed evidence of antisemitic and violent extremist ideologies following an indictment on a child porn charge, Acting United States Attorney Troy Rivetti announced Wednesday.

Aidan Harding, 20, of Crescent Township, is accused of possessing photos and videos showing sexual abuse of minors.

He was held without bond pending trial after the Department of Justice said that Harding was an "unacceptable danger to the community."

In addition to the child porn charge, the federal government presented evidence that Harding "adhered to a racially-motivated violent extremist ideology," according to a release. The DOJ said he also possessed more than 20 guns, targeted Pittsburgh's Jewish communities with antisemtic fliers and made comments online about his interest in "political and revenge driven" mass casualty events, which included references of Robert Bowers, the Pittsburgh synagogue shooter.

The DOJ said that Harding had previously been found guilty of terroristic threats in a juvenile court for talking online about his desire to commit a "high kill count" attack, having videos that showed mass shootings from around the world and filming himself re-enacting the Columbine mass shooting at a memorial honoring the victims.

The Federal Bureau of Investigation led the investigation leading to Harding's indictment.

# Exhibit "F"

*https://www.audacy.com/kdkaradio/news/local/glenwillard-man-faces-prison-time-on-child-porn-charges*

100.1 FM AND AM 1020 KDKA
NEWS :: LOCAL

**Glenwillard man faces 20 years in prison on child porn charges**

A Glenwillard man is facing up to 20 years behind bars after being indicted on child pornography charges.

Prosecutors say they have additional concerns about 20-year-old Aidan Harding.

Federal prosecutors say Harding had in his possession videos showing sexual abuse of children.

They say he had also targeted Pittsburgh's Jewish community with antisemitic fliers.

He was also talking about political and revenge driven mass casualty events, including references to Robert Bowers, the gunman convicted of killing 11 at Tree of Life Synagogue. Prosecutors say Harding was in possession of more than 20 firearms.