IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>AIDAN HARDING,<br><br>          Defendant. | Criminal No. 2:25-cr-00044<br><br>Christopher B. Brown<br>United States Magistrate Judge |

**MEMORANDUM OPINION RE:**
**MOTIONS TO SEAL DOCUMENTS, ECF NOS. 31 AND 32**

**Christopher B. Brown, United States Magistrate Judge**

On February 12, 2025, a Preliminary and Detention Hearing were held in this matter in which Government Exhibits A-Y, AA, BB and Defendant's Exhibits A-C were admitted into evidence. ECF No. 20. Seven weeks after that hearing, on April 2, 2025, the United States ("the Government") filed a Motion for Limited Sealing of Detention Hearing Exhibits in which it requested four exhibits admitted at that hearing, specifically Government Exhibits A, L, N, and O, be placed under seal. ECF No. 31. The next day, on April 3, 2025, Aidan Harding ("Defendant") filed a counseled Motion to Seal Certain Exhibits Admitted at the Preliminary Examination and Detention Hearing and joined in the Government's request. ECF No. 32. Additionally, Defendant requested that Government Exhibits B-K, M, and P-Y be sealed as well as Defendant's Exhibit A-B be sealed. *Id.* The Government then replied to Defendant's motion on April 14, 2025, and opposed the Defendant's expanded request to seal any exhibit other than Government Exhibits A, L, N, and

1

O. ECF No. 41. For the reasons below, the motions will be granted in part and denied in part. Specifically, the request to seal Government Exhibits A, L, N, and O is GRANTED. The request to seal any other exhibit is DENIED.

I. **Background**

On January 27, 2025, a Criminal Complaint was filed under seal charging Defendant with one count of Possession and Attempted Possession of Material Involving the Sexual Exploitation of a Minor on or about December 11, 2024, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2). ECF No. 2. The next day, an Order was entered scheduling an Initial Appearance for January 29, 2025. ECF No. 8. Before the hearing, the Government moved to unseal the docket with the exception of the Affidavit of Probable Cause in support of the Criminal Complaint, ECF No. 9, and moved for Defendant's detention, ECF No. 10. Defendant did not oppose the Government's request for limited sealing but did oppose the Government's Request for Detention. ECF No. 19.

The Court provisionally granted the Government's request to unseal the docket and for limited sealing of the Affidavit of Probable Cause in support of the Criminal Complaint. ECF No. 11. Accordingly, the Affidavit of Probable Cause (ECF Doc. Nos. 2-1 and 5-1) remained sealed, with only the Court, the parties, and Pretrial Services having access to it. *Id*.

An Initial Appearance was held on January 29, 2025, and Defendant was temporarily committed to the custody of the U.S. Marshal pending a detention

hearing. ECF Nos. 13 and 14.  The Preliminary and Detention Hearings were scheduled for February, 3, 2025. ECF No. 14.  At the request of defense counsel, the hearings were continued to February 12, 2025. ECF No. 17.

The Preliminary and Detention Hearings were conducted pursuant to 18 U.S.C. § 3142 and Fed. R. Crim. P. 5.1 on February 12, 2025, at which Defendant appeared with counsel. ECF No. 20.  Testifying for the Government was FBI Special Agent Lauren Scott ("SA Scott").  During the hearing, the Government offered Exhibits A through Y, AA, and BB, all of which were admitted into evidence by the Court. *Id*.

Counsel for Defendant stated on the record he was provided with a copy of the Government's exhibits prior to the hearing.  After the Government moved for the admission its Exhibit A, Defendant's attorney objected arguing the exhibit was unrelated to the charge pending against Defendant.  Defense counsel made a continuing objection on similar grounds to Government Exhibits B-K, M-R, and U-Y.  The Court overruled the objections stating the evidence would be allowed as it pertained to the detention hearing decision.  Defense counsel did not object to the admission of Government Exhibits L, S-T, AA, and BB which were also admitted. Defendant then offered Exhibits A, B, and C, all of which were admitted into evidence by the Court without objection from the Government. ECF No. 20.  At no time during the hearing did any party request any exhibit be sealed.[1]

---

[1]     Prior to the hearing, Government Exhibits A and L had been placed under seal but no renewed request was made at the Preliminary and Detention Hearing to place them under seal upon their admission into evidence.

3

At the conclusion of the hearing, the Court found "probable cause exists which supports a finding that the charged violations have been committed by the defendant" and ordered Defendant to be held without bond pending trial as "no condition or combination of conditions will reasonably assure the safety of any other person or the community." ECF Nos. 21 and 22.

On February 25, 2025, a Grand Jury returned a one-count Indictment charging Defendant with Possession of Material Involving the Sexual Exploitation of a Minor, on or about December 11, 2024, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2). ECF No. 23. Defendant had an arraignment hearing on March 4, 2025, during which he entered a not guilty plea. ECF Nos. 26 and 27.

The motions pending before this Court, filed seven weeks after the Preliminary and Detention Hearing, collectively seek to have the majority of the Exhibits admitted at that proceeding sealed after-the-fact.

## II.   Parties' Arguments

### A.   The Government's Motion

The Government requests four of its exhibits be sealed: Exhibits A, L, N, and O. Exhibit A is a copy of the Affidavit in Support of Search Warrants filed under seal. Exhibit L is a copy of the Criminal Complaint filed in this case, with an

---

In admitting Defendant's Exhibit C, defense counsel did ask the opportunity to redact personally identifying information contained in the exhibit and return it to the court later that day, which it did, but did not make a request that Exhibit C be placed under seal nor does it make such a request here.

Affidavit in support of probable cause attached which had been provisionally sealed by Court Order on January 29, 2025. ECF No. 11. Exhibits N and O are images retrieved from Defendant's iPad which the Government argues "depict abuse of individual victims." ECF No. 31.

### B. The Defendant's Motion

Defendant joins in the Government's motion to seal Exhibits A, L, N. and O. But he goes a step further and also requests under Federal Rule of Criminal Procedure 47, Local Civil Rule 83.1,[2] and the Fifth and Sixth Amendments to the U.S. Constitution that most, but not all of the remaining exhibits be sealed. Specifically, Defendant requests Government Exhibits B – K, M, and P - Y, as well as his own Exhibits A and B, be sealed.[3] ECF No. 32. The Government opposes the Defendant's request to seal these additional exhibits. ECF No. 41.

## III. Analysis

### A. Common Law Right of Public Access[4]

---

[2] "Former LCvR 83.1.A-E, governing free press and fair trial issues relating to criminal procedures, has been moved to the Local Criminal Rules." LCvR 83.1, Comment (June 2008). *See* LCrR 83 – Free Press – Fair Trial Provisions.

[3] Defendant does not request Government Exhibits AA, BB, and Defendant's Exhibit C be sealed.

[4] In addition to the common law right of public access, the First Amendment also guarantees the public a right of access to criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). Recognizing "the ordinary rule that a federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available[,]" the Court will focus its analysis on the common law right of public access. *Hagans v. Lavine*, 415 U.S. 528, 547 (1974). *See also N. Jersey Media Grp., Inc. v. United States*, 836 F.3d 421, 436 n.20 (3d Cir. 2016) (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 301 n.5 (3d Cir. 2007) ("[W]e have an obligation not to decide constitutional questions unless necessary.")).

It is well-settled there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. *See United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981) *(Criden I); In re Avandia Mktg., Sales Pracs. & Prods. Litig.,* 924 F.3d 662, 672 (3d Cir. 2019). Whether the common law right of access applies to a particular document or record "turns on whether that item is considered to be a 'judicial record.'" *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

"A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re Avandia*, 924 F.3d at 672; *see also United States v. Hardy*, Crim. No. 09-151, 2011 WL 1877671, at *3 (W.D. Pa. May 16, 2011) (citations omitted). The United States Court of Appeals for the Third Circuit has found the right of public access attaches to a wide range of judicial records in criminal cases. *See United States v. Konrad,* Crim. No. 11-15, 2011 WL 1549494, at *7 (E.D. Pa. Apr. 19, 2011) (collecting cases).

When resolving a motion to seal, the Court must first determine whether the right of access attaches to the documents in question. "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). "[T]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *In re Cendant Corp*, 260 F.3d at 190.  If the

6

Court determines the presumption is overcome, it must make specific factual findings and articulate the countervailing interests in secrecy sufficient for a reviewing court to determine whether a limiting order was properly entered. *In re Avandia*, 924 F.3d at 674.

The Exhibits at issue are judicial records because they have been filed with the Court and were "incorporated" into the Detention Hearing. The presumption of access therefore attaches.

B.   **The Presumption of Public Access**

"Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that 'the right is not absolute.'" *In re Cendant Corp.*, 260 F.3d at 194 (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1998)). Thus, although a document may be characterized as a "judicial record, it may not 'necessarily be made available for public consumption.'" *Konrad*, 2011 WL 1549494, at *7 (quoting *United States v. Kushner,* 349 F. Supp. 2d 892, 903 (D.N.J. 2005)). "[W]hen there are conflicting interests, a balancing process is contemplated. '[T]he strong common law presumption of access must be balanced against the factors militating against access.'" *In re Cendant Corp.*, 260 F.3d at 194 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 165 (3rd Cir. 1993) (quoting *Bank of Am. Nat. Tr. and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3rd Cir. 1986)).

Here, two kinds of information are contained in the Detention Hearing exhibits: (1) information related directly to Defendant and (2) information related

to individuals who are believed to be victims. Because these types of information differ vastly, "the weight to be given [to] the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Hardy*, 2011 WL 1877671, at *4 (quoting *Konrad*, 2011 WL 1549494, at *7 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). "The weight of the presumption can also be impacted by the 'differing levels of [the public's] exposure to the proceedings at issue' and the degree to which the relevant documents "directly impacted and were crucial to the district court's exercise of its Article III duties." *Hardy*, 2011 WL 1877671, at *4 (citing *Kushner*, 349 F. Supp. 2d at 904).

The information related directly to Defendant was considered in arriving at the Court's detention decision and was thus relevant and crucial to the Court's ruling. Therefore, the weight of the presumption is strongly in favor of access to information pertaining directly to Defendant.

Similarly, the information related to victims was also considered by the Court when arriving at its probable cause and detention decisions and was likewise relevant and crucial to the Court's determination. The Court is concerned, however, about the sensitive and private nature of this information which may jeopardize the privacy of innocent victims, who are believed to be minors. Therefore, the weight of the presumption is not as strong in favor of access to information pertaining to these victims.

### C. Public Interest in Disclosure

The United States Court of Appeals for the Third Circuit "recognizes an especially 'vital interest' in access to judicial records in criminal cases." *United States v. Wecht*, 484 F.3d 194, 210 (3d Cir. 2007), *as amended* (July 2, 2007) (quoting *United States v. Criden,* 675 F.2d 550, 556 (3d Cir. 1982) ("*Criden II*"). Defendant asserts "[a]s a result of the allegations that Defendant is involved in antisemitic and extremist ideologies, there is a heightened interest in this case by members of the press" but argues that interest is outweighed by his right to a fair trial. ECF No. 32 at 4.

### D. Countervailing Considerations

A presumption of access "may be outweighed by countervailing principles." *Hardy*, 2011 WL 1877671, at *5 (citations omitted). Accordingly, the Court now considers the countervailing considerations the parties proffer. The Government requests Government Exhibits A, L, N, and O be sealed, ECF No. 31; Defendant joins in this request, ECF No. 32 at 4. Defendant also moves to seal Defendant's Exhibits A and B and Government Exhibits B - K, M, and P - Y. *Id*. These requests will be addressed in turn.

#### 1. The Joint Request to Seal Government Exhibits A, L, N, and O

The parties seek to have Government Exhibits A and L sealed on the grounds that Exhibit A is a sealed Affidavit in support of a search warrant and Exhibit L is an Affidavit in support of probable cause to issue a criminal complaint, which had been provisionally sealed.

9

Exhibit A is a sealed Affidavit prepared by agents with the FBI's Joint Task Terrorism Task Force to obtain a search warrant for Defendant's residence. SA Scott testified to this and read into the record some, not all, portions of the Affidavit. Exhibit L is the Affidavit of Probable Cause attached to the Criminal Complaint filed in this case. Although both Affidavits were previously sealed, SA Scott testified about both and read portions of them in open Court, during both her direct and cross examinations. Furthermore, no request to seal these exhibits was made at the time of the hearing.

Exhibit A is a sealed document used in two sealed cases to support the application of search warrants for Defendant's residence and person. While excerpts of the Affidavit were read into the record the Court notes it was not read in its entirety. Additionally, the Government argues it contains "contains sensitive information about the government's investigation, methods, and sources" which the Court also notes were not read into the record. ECF No. 41. The Court finds under the circumstances the request to restrict access to this Affidavit is warranted as the parties have shown the interest in secrecy outweighs the presumption of access.

Exhibit L, the Affidavit of Probable Cause attached to the Criminal Complaint, was provisionally sealed prior to the Preliminary and Detention Hearings. The Government argued it should be sealed (and remain so) as it provides "details that may identify victims who were believed to be minors at the time of their abuse, to include records of phone contacts between defendant and a suspected victim." ECF No. 9 at ¶ 4; ECF No. 31. Under the Child Victims' and

10

Child Witnesses' Rights Act, "[a]ll papers to be filed in court that disclose the name of *or any other information* concerning a child shall be filed under seal without necessity of obtaining a court order." 18 U.S.C. § 3509(d)(2) (emphasis added). *See also* 18 U.S.C. § 3771 (privacy protection measures contained within the Crime Victim Rights Act); 18 U.S.C. § 3509 (privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act). Therefore, restricting access to this Affidavit is proper as the parties again have shown the interest in secrecy outweighs the presumption of access.

That said, the Criminal Complaint which is part of Exhibit L does not reference any alleged victim nor contain any identifying information relating to an alleged victim. As a result, given the "presumption in favor of public access to judicial records," the Court sees no reason to restrict access to the Criminal Complaint, which the Court notes is available to the public on the Court's electronic docket. *See* ECF No. 2. *See also United States v. Smith (Smith I)*, 776 F.2d 1104 (3d Cir. 1985) (holding that charging documents are subject to a strong presumption of public access).

The parties also seek to have Government Exhibits N and O sealed "because they depict abuse of individual victims" and "Exhibit O appears to contain a victim's name." ECF Nos. 31, 41. Both are images found on Defendant's iPad, which was seized during the December 11, 2024, search of his residence. In open court, SA Scott described both images in detail and testified the name of a known child abuse victim was reflected in Exhibit O. On cross-examination, SA Scott acknowledged

11

that she could not say whether these were computer-generated images. After viewing Exhibits N and O, the Court directed neither exhibit be published. Although no request to seal these exhibits was made at the time of the hearing, as with the Affidavits, the Court finds restricting access to these images is warranted as the parties have shown the interest in secrecy outweighs the presumption of access.

### 2. Defendant's Request to Seal Defendant Exhibits A and B and Government Exhibits B - K, M, and P - Y

Defendant's arguments for sealing the Government exhibits echo the arguments he made when objecting to the admission of most of these exhibits during the Detention Hearing. In essence, he argues the release of these exhibits "will do nothing more than place [Defendant's] right to a fair trial – including, his right to a fair, impartial, and unbiased jury – at extraordinary risk." ECF No. 32 at 4. "The information currently in the public domain is more than sufficient to vindicate the public interest in this case" as it "represents a detail history of this case and includes rich factual description of the evidence underlying the allegations of crime and supporting this detention." *Id.* And he reiterates,

> To be clear, the records in public domain relating to this case include the Federal Docket Report, Request for Detention, Opposition to the Request for Detention, the Court's Orders relating to Probable Cause and Detention, and the United States Attorney's Press Release. And, Preliminary Examination and Detention Hearing were open to the public, members of the public attended, and a transcript of it is available for purchase.

12

*Id*. at 4, n.3. Defendant contends his due process rights under the Fifth and Sixth Amendments, including the right to a fair trial, outweigh the public right to access. The Government counters that this argument is "speculative and insufficient" to rebut the presumption of public access. ECF No. 41.

To be clear, the Defendant objected to the admission of most, but not all of the Government Exhibits during the Preliminary and Detention Hearings. Those objections were overruled and the exhibits subsequently were admitted. Additionally, Defendant offered three of its own exhibits into evidence without objection. At no time during the hearing was there a request to place any exhibit, Government or defense, under seal. Now, seven weeks after the hearing, a public proceeding, the request to place these exhibits under seal has been made.

In reaching its determination, the Court recognizes the Supreme Court of the United States has stated "there are some limited circumstances in which the right of the accused to a fair trial might be undermined by publicity." *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 9 (1986) ("*Press-Enterprise II*"). On the other hand, the Court of Appeals for the Third Circuit has held that in certain circumstances privacy and sensitivity concerns do not outweigh the public right to access, "particularly where the information sought to be protected has already been made available to the public" as is the case here. *Hardy*, 2011 WL 1877671, at *5 (citing *Smith* I, 776 F.2d at 1105-18; *United States v. Smith* ("*Smith II*"), 787 F.2d 111, 114-16 (3d Cir. 1986).

      **i)      Defendant's Exhibits A and B**

Defendant requests two of his own admitted exhibits be sealed: Defendant's Exhibit A and B. The Court considered both exhibits in arriving at its decision and therefore both were relevant and crucial to the Court's detention determination.

Exhibit A is a collection of family photographs offered as mitigating evidence. Defendant chose to introduce these photographs into evidence and until now, neither Defendant nor the depicted family members raised concerns over making these photographs public. For these reasons, Defendant's request to seal Defendant's Exhibit A will be denied.

Exhibit B is an Allegheny County magisterial district court public non-traffic docket in Docket No. MJ-05216-NT-0000372-2024, showing Defendant entered a guilty plea on January 8, 2025, to a summary offense. This exact document is publicly available, has been for months, and can be accessed at https://ujsportal.pacourts.us/Report/MdjDocketSheet?DocketNumber=MJ-05216-NT-0000372-2024. Because this is a court document, which is accessible to the public, and is in the public domain, Defendant's request to seal Defendant's Exhibit B will be denied.

      ii)      **Government Exhibits B - K, M, and P - Y**

Defendant does not address these exhibits individually, but makes the overarching argument, as he did during the Detention Hearing, that "[w]hile this evidence may be in some sense be sensational, sexy, and headline grabbing, it is completely unrelated to the charges pending against Mr. Harding." ECF No. 32 at 3.

Government Exhibits B – K are photographs taken during the search of Defendant's residence on December 11, 2024. SA Scott described each photograph during her direct and cross examinations.

Exhibit M is an image found on Defendant's iPad, which was seized during the search of his residence on December 11, 2024. SA Scott described the image during her direct and cross examinations.

Exhibit P are text messages retrieved from Defendant's iPhone. SA Scott read and explained a number of the messages during her direct examination.

Exhibit Q is an image of handwritten drawings found at Defendant's residence during the search of his residence on December 11, 2024. SA Scott testified and explained the drawings during her direct examination.

Exhibit R is a photograph of Defendant with another individual. SA Scott described the photograph during her direct examination.

Exhibits S and T are videos from a pole camera the FBI installed outside Defendant's residence. The videos were played in open court and were explained by SA Scott during her direct examination.

Exhibits U, V, W, and X are videos from Defendant's iPhone, each of which was shown in open Court and was described by SA Scott during her direct examination.

Exhibit Y is a screenshot from the website Rachel's Challenge. SA Scott testified Rachel's Challenge is an organization formed by the family of Rachel Scott,

a victim of the Columbine High School shootings. She testified evidence about Rachel's Challenge was found on Defendant's iPhone.

The Court finds Defendant's argument that the release of this information will affect his right to a fair trial is unavailing. Defendant will have multiple opportunities to challenge the Government's evidence. For example, he will be able to challenge the relevance of the Government's evidence under Federal Rule of Evidence 401, as well as asking the Court to exclude any relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice under Federal Rule of Evidence 403. Further, during the examination of jurors, each juror will be asked if they know anything about the case. *See* LCrR24.2.B; *see also* Fed. R. Crim. P. 24(a)(2)(A) ("If the court examines the jurors, it must permit the attorneys for the parties to: (A) ask further questions that the court considers proper[.]").

Additionally, as Defendant acknowledges in his motion, multiple media and news sources already have published information about the charges pending against Defendant. *See* ECF No. 32, Exh. C, D, E, and F.[5] And the U.S. Attorney's Office issued a Press Release on February 26, 2025, describing, in detail, the evidence offered at the Detention Hearing. *Id.*, at Exh. B.

For all these reasons, the Court finds Defendant has not overcome the common law presumption of access. Therefore, Defendant's request to have

---

[5] Defendant references an Exhibit G, but there is no Exhibit G attached to the motion. *See* ECF No. 32 at 4 and 5.

Defendant's Exhibits A and B and Government Exhibits B-K, M, and P-Y sealed will be denied.

### E.  First Amendment Right of Access

Together with the common law right of public access to judicial records, the public also has a broader First Amendment right of access to criminal proceedings, including documents involved in the proceedings. *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 429 (3d Cir. 2016). The First Amendment right of access does not apply to all documents and proceedings in a criminal case. Rather, determining the right of access under the First Amendment "requires a two-prong evaluation of 'whether the place and process have historically been open to the press' and 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *PG Pub. Co. v. Aichele*, 705 F.3d 91, 104 (3d Cir. 2013) (quoting *Press-Enterprise II* )).

The analysis is similar whether a court considers the right of access either under the common law or the First Amendment. "District courts should balance the relevant interests irrespective of whether the public has a First Amendment or common law right to the materials." *United States v. Wecht*, 484 F.3d 194 at 212.

For all the same reasons as discussed above, the Court finds, even under the broader First Amendment right to public access to judicial documents, only

Government Exhibits A, L, N, and O should be sealed. All requests to seal any other exhibits admitted into evidence during the Detention Hearing will be denied.

### F.     Federal Rule of Criminal Procedure 49.1

Although Defendant makes not argument for sealing under Federal Rule of Criminal Procedure 49.1, to the extent it applies here, the Court finds its protections have been waived.

Rule 49.1 relates to "Privacy Protection for Filings Made with the Court," and provides:

> **(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only:
> **(1)** the last four digits of the social-security number and taxpayer-identification number;
> **(2)** the year of the individual's birth;
> **(3)** the minor's initials;
> **(4)** the last four digits of the financial-account number; and
> **(5)** the city and state of the home address.

"A person waives the protection of Rule 49.1(a) as to the person's own information by filing it without redaction and not under seal." Fed.R.Crim.49.1(h).

Of all exhibits admitted at the Preliminary and Detention Hearing, the only one relevant to Rule 49.1 is Defense Exhibit B, a public non-traffic docket, which

contains Defendant's date of birth, a personal identifier which usually undergoes redaction. It was admitted, however, without redaction at the hearing, without a request to do so later, and was not placed under seal. Additionally it is information publicly available online and has been for months before the hearing and the instant request to seal. As such, the Court finds Defendant has "waive[d] the protection of Rule 49.1(a)." Fed. R. Crim. P. 49.1(h).

## IV.  Conclusion

For all these reasons, the motions will be granted in part and denied in part. An appropriate order follows.

Dated: April 16, 2025

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:   All Counsel of Record
      (via ECF electronic notification)